AT

## COUNCIL BLUFFS, SEPTEMBER TERM, A. D. 1884.

IN THE THIRTY-EIGHTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, } JUDGES.
" JOSEPH R. REED,

---

MERCHANTS' UNION BARB WIRE CO. v. BROWN, AUDITOR OF STATE, ET AL.

1. **Constitutional Law:** APPROPRIATION OF STATE FUNDS TO CORPO-
   RATION FOR PUBLIC BENEFIT. The Farmers' Protective Association of
   Iowa was a corporation organized, not for pecuniary profit, but to provide
   for the farmers of the state barbed wire at the actual cost of manufacture.
   It was made the defendant in certain actions brought for the alleged
   infringement of certain patent rights, and the Twentieth General Assem-
   bly passed an act appropriating $5,000 to the use of the corporation in
   defending in said suits:—*Held* that the act, being an appropriation act,
   was necessarily special, and was not repugnant to Sec. 30, Art. 3, of the
   constitution, prohibiting special legislation where a general law can be

made; and that it was not repugnant to Sec. 1, Art. 7, nor to Sec. 3, Art. 8, of the constitution, prohibiting the giving or loaning of the credit of the state to corporations, or the assumption or payment by the state of their debts or liabilities.

2. ———: DUTY OF THE COURT IN REGARD TO STATUTES. The judicial branch of the government has no power to determine whether the acts of the legislature are wise or unwise; nor has it the power to declare an act void, unless it is plainly, palpably and without doubt repugnant to some provision of the constitution.

### Appeal from Polk Circuit Court.

### TUESDAY, SEPTEMBER 16.

THIS is an action in equity for an injunction to restrain the issuance of a warrant for certain money by the auditor of state, and the payment of the same by the state treasurer to the Farmers' Protective Association. Upon the filing of the petition a temporary injunction was allowed. The defendant filed a sworn answer to the petition, and moved to dissolve the injunction upon bill and answer. The motion was submitted to the court below upon the bill and answer and certain amendments thereto, and upon certain affidavits and exhibits, and, upon a hearing, the circuit court dissolved the injunction. The plaintiff appealed, and now by motion prays this court to restore the injunction pending the appeal, and restrain the defendants as prayed in the petition.

*Whiting S. Clark*, for appellant.

*Smith McPherson, Attorney-general*, and *Wright, Cummins & Wright*, for appellees.

ROTHROCK, CH. J.—The Twentieth General Assembly passed the following act, which was duly approved by the governor of this state:

"An act to appropriate funds to aid the Farmers' Protective Association of Iowa in litigation relating to patents on barbed wire.

"*Be it enacted by the General Assembly of the State of Iowa:*

"SECTION 1. That there be and is hereby appropriated, out of funds not otherwise appropriated, the sum of five thous-

1. CONSTITU- and dollars, or so much thereof as may be needed,
TIONAL LAW: to aid the Farmers' Protective Association of
appropriation
of state funds
to corporation Iowa in defending in actions now pending, or
for public
benefit. which may hereafter be brought, in the state of
Iowa, on account of alleged infringement of patents on barbed wire, and for the purpose of testing the validity of said patents.

"SEC. 2. That whenever the executive committee of said association shall certify in writing to the auditor of state that they are in need of funds for the purposes herein set forth, and shall enter good and sufficient bonds for the faithful disbursement of and accounting for said funds, then the said auditor shall issue his warrant upon the state treasurer for the amount asked for, which amount shall not in the aggregate exceed the amount hereby appropriated, and the state treasurer shall pay such warrant upon presentation."

It appears from the record before us that the Farmers' Protective Association seeks to avail itself of the provisions of this act by conforming to the requirements of the second section thereof. The injunction was asked for and obtained upon the alleged ground that the act is in contravention of the constitution, and therefore void; and this is the sole question presented in the argument upon the motion. The record does not show that the Farmers' Protective Association contemplates using the appropriation in any other manner than that designated in the act in question.

I. It is claimed that the act in question is in violation of section 30, article 3, of the constitution, which provides that, in all cases "where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state." The argument is that the law in question could have been made general and of uniform operation, by providing that $5,000 should be appropriated to each person

in the state, to aid " each person in defending in actions now
pending, or which may hereafter be brought, in the state of
Iowa, on account of alleged infringements of- patents on
barbed wire, and for the purpose of testing the validity of
said patents."

The record shows that suits are now pending in the federal
courts in this state in reference to the validity of barbed
wire patents between other persons, and in which the Farmers'
Protective Association is not a party. But notwithstanding
this fact, we think the subject matter of the legislation in
question is such that a general law cannot be made applicable.
The act in question is what in legislative parlance is denom-
inated an appropriation act. Such acts are in their very
nature local and special, as distinguished from general laws.
There may be a question whether under the constitution
there is any legislative power to make the appropriation, but
it seems to us there can be no question, if an appropriation
is authorized, or rather not forbidden, by the constitution, it
must of necessity be made by a special act of the legislature.

II. Next, it is claimed that the act under consideration is
in violation of section 1, article 7, of the constitution, which
is as follows:

" The credit of the state shall not *in any manner* be given
or loaned to or in aid of any individual, association or corpo-
ration; and the state shall never *assume* or become respons-
ible for the debts or liabilities of any individual, association
or corporation, unless incurred in time of war for the benefit
of the state."

The act in question cannot with fairness be held to be
giving or loaning the credit of the state in aid of the Farmers'
Protective Association. The state does not by the act become
liable to any person, and the association is not thereby author-
ized to contract debts with others, and make the state liable
therefor to the persons contracted with. It does not assume
any debts of the association. In short, it does not assume to
create any liability in favor of any creditor of the associa-

tion. It is an appropriation made directly to the association for a specific purpose, and, if not prohibited by the constitution, it is a valid appropriation.

III. Lastly, it is urged that the statute in question is repugnant to section 3, article 8, of the constitution, which provides that "the state shall not become a stockholder in any corporation, nor shall it *assume or pay* the debt or liability of any corporation, unless incurred in time of war for the benefit of the state."

It is not claimed that by the provisions of the act it is sought to make the state a stock-holder in the Farmers'· Protective Association. But it is urged that it is an assumption of a debt, and, when paid over, will be a payment of the debts and liabilities of the association. We think the act is not susceptible of any such construction. It does not recognize an existing indebtedness or liability of the association to any one, and it makes no provision for the payment of a debt due or liability existing in favor of any person and against the association.

The principal pursuits of the inhabitants of this state is the cultivation of the soil and the raising of live stock. All other industries and pursuits are wholly dependent upon the productions of the soil. The state is one vast fertile plain, with scarcely a quarter section of land outside of its lakes, marshes, and river bluffs but what is susceptible of successful and profitable cultivation.

A law of this state has been in force for many years which directly appropriates money from the treasury of the state to be paid annually to agricultural societies. Appropriations are also made to horticultural societies, and for other purposes, and no one has ever questioned the power of the legislature to make such appropriations. In short, a reference to the appropriation acts of the legislature for nearly every session since the admission of the state into the union will show that appropriations have been made for many puropses which

are liable to all the objections urged against the appropriation in question.

It is true, the Farmers' Protection Association is a corporation, but the record before us shows that it is not a corporation organized for pecuniary profit. Its object and purpose is to procure for the farmers of the state barbed wire with which to enclose their lands at the actual cost of manufacturing the same. It appears from the act under consideration, and from the answer in the case, that there was litigation pending and threatened against the association for alleged infringements of patents upon wire, and, in order to carry out the objects of the association, it was necessary that the validity of the patents be tested in the courts, and the appropriation was made for this purpose.

We cannot discover that any provision of the constitution is violated by the act. The judicial branch of the government has no power to determine whether the act of the legislative branch is wise or unwise. It is the duty of the courts, when a proper case is made, to determine whether or not legislation is constitutional, and they have no power to declare an act void, except in cases where the statute in question is plainly, palpably, and without doubt repugnant to some provision of the constitution.

2. ——: duty of court in regard to statutes.

Applying this well established test to the case at bar, we are united in the opinion that there is no well grounded objection to the act in question. The motion will be

OVERRULED.